HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SUQUAMISH TRIBE, | CASE NO. C12-1455 RBL |
| Plaintiff, | ORDER DENYING MOTION TO CHANGE VENUE |
| v. | [DKT. #41] |
| UNITED STATES ARMY CORPS OF ENGINEERS, et al., | |
| Defendants. | |

THIS MATTER is before the Court on Plaintiff Suquamish Tribe's Motion to Change Venue [Dkt. #41]. The Tribe's lawsuit challenges the U.S. Navy's proposed new explosives handling wharf at its Bangor submarine base. Among other things, it argues that the wharf will affect its treaty-protected fishing rights. The case is one of two challenges to the wharf; the other is *Ground Zero Center for Non-Violent Action v. United States Department of the Navy*, Cause No. CV 12-5537RBL.

Based on its treaty rights claim, the Tribe argues that this case should be transferred to Seattle under 28 U.S.C. §1404(b) and/or Fed. R. Civ. P. 42 (a), and adjudicated as part of the ongoing *United States v Washington* litigation (Cause No. CV 70-09213RSM). The Tribe argues that Judge Boldt determined thirty-four years ago that treaty claims like those it asserts "are

1  required" to be litigated in that case. Alternatively, it claims that the specialized expertise Judge

2  Martinez has garnered by presiding over that extensive litigation will benefit the parties and the

3  Court, and that the case should be transferred even if the Boldt decision does not require it.

4  As an initial matter, the Court does not read the Boldt decision as broadly as the Tribe

5  does; as the Government points out, that decision did not purport to (and could not) assert a

6  "monopoly" over an and all litigation potentially implicating treaty fishing rights. Furthermore,

7  it is not at all clear that the fishing rights adjudicated there are even in play here. And it does not

8  appear that the Army Corps of Engineers has ever been required to litigate its activities in that

9  case, despite the fact that its projects occur all over Puget Sound and are frequently the subject of

10 litigation.

11 Additionally, the risk of inconsistent decisions cited by the tribe as a basis for transferring

12 the case is actually increased by doing so: the wharf at issue is the subject of similar challenges

13 by non-Indian plaintiffs in the Ground Zero case pending in this Court. There is no good cause

14 for transferring the case under §1404(b), or for consolidating this case into the United States v.

15 Washington case under Rule 42.

16 The Motion to Change Venue [Dkt. #41] is DENIED.

17 IT IS SO ORDERED.

18 Dated this 22nd day of October, 2012.

_____
Ronald B. Leighton
United States District Judge