1                                                          HONORABLE RONALD B. LEIGHTON

2

3

4

5

6                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
7                                      AT TACOMA

8

  GROUND ZERO CENTER FOR                      Case Nos.: 12-cv-1455
9 NONVIOLENT ACTION,
  WASHINGTON PHYSICIANS FOR
10 SOCIAL RESPONSIBILITY, and GLEN             ORDER
   S. MILNER,
11                                             (Dkts. #76, 78)
                    Plaintiffs,
12

13 and

14
   THE SUQUAMISH TRIBE,
15
                    Plaintiff,
16

17         v.

18 UNITED STATES DEPARTMENT OF
   THE NAVY, et al.,
19
                    Defendants.
20

21

22

23

24

1      The Suquamish Tribe and the Port Gamble and Jamestown S'Klallam Tribes request reconsideration of the Court's Order Denying Plaintiffs' Motion for a Preliminary Injunction (Dkt. #73).

     Under Local Rule 7(h):

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

The Ninth Circuit has called reconsideration an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm. Moore et al., *Moore's Federal Practice* § 59.30[4] (3d ed. 2000). "Indeed, a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (quoting *389 Orange Street Partners*, 179 F.3d 656, 665 (9th Cir. 1999)).

     The Court finds the tribes' concerns largely semantic and will alter the language of the Order to address their concerns.

     The S'Klallam Tribe presents three arguments (in which the Suquamish join). First, the S'Klallam argue that the Court's statement that the Suquamish have "primary [fishing] rights" north of the Hood Canal Bridge is inaccurate. The Suquamish have rights in common with other tribes, but they do not control or regulate fishing. The Court used the term "primary" to explain that the Suquamish's rights are not subject to the regulation of another tribe north of the Hood Canal Bridge.

Second, the S'Klallam argue that in the Order, the "Court seemed to presume a party must have a primary right to be considered." (S'Klallam Mot. for Recon. at 3, Dkt. #76.)  The Court does not so presume.

Third, the S'Klallam "object that the primary right holder can take an action to abrogate the treaty right of other Tribes in the area." (S'Klallam Mot. for Recon. at 3, Dkt. #76.)  In moving for a preliminary injunction, the Suquamish argued that the Navy cannot "dispense with the Suquamish's treaty right by obtaining the consent of another tribe." (*See* Suquamish Mot. for Prelim. Inj. at 10, Dkt. #15.)   The Order states: "They are correct.  the Navy cannot.  However, the Suquamish can, and appear to have done so." (Order at 27, Dkt. #73.)  The Court then explained that the Skokomish possess the power to regulate fishing by secondary rights holders in Hood Canal.  Indeed, the Skokomish can—and have—barred the Suquamish from fishing south of the Hood Canal Bridge since 1985.  The Order concluded: "If the primary right holder has agreed that the Navy's mitigation plan will compensate for any loss, it is difficult to see how a secondary right holder can challenge the plan." *Id.*

To be clear, the Court did not rule that the Skokomish may abrogate the Suquamish's treaty rights.  But as a practical matter, the Skokomish may agree—and may enter a written agreement—with the Navy that the proposed mitigation plan compensates for any loss of resources. (*See* Order at 27, Dkt. #73.)  The Skokomish need not consult with the Suquamish to form that agreement.  It remains difficult to see how the Suquamish will succeed in showing that the EHW-2 "abrogates" their treaty rights when the primary right holder has agreed that the Navy's mitigation plan compensates for any resource loss in the area.

1    The Court did not suggest that the Suquamish could never challenge actions in areas where it holds secondary rights, and it does not suggest that the Skokomish may legally abrogate the Suquamish's treaty rights.

Lastly, the Suquamish argue that the Court committed manifest error by reasoning that the Tribe could not lose access to fishing inside Naval Base Kitsap because they currently do not have access. The Tribe argues that the base commander could potentially grant access, and thus, EHW-2 abrogates tribal rights to the water it will cover. The Court finds no manifest error.

For the reasons set forth above, the motions for reconsideration (Dkts. #76 and 78) are **GRANTED IN PART** and **DENIED IN PART**.

Dated this 29th day of January 2013.

Ronald B. Leighton
United States District Judge